UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| | * | |
| VERSUS | * | NO. 08-231 |
| | * | |
| BURNELL WILSON | * | SECTION "L" |

## ORDER & REASONS

Before the Court is Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255. (R. Doc. 1150). For the following reasons, IT IS ORDERED that this Motion is GRANTED IN PART AND DENIED IN PART. IT IS FURTHER ORDERED that an evidentiary hearing is scheduled for June 21, 2012, at 2:00 p.m. on Defendant's claim that his attorney failed to file a notice of appeal. The Court will issue an order subsequently regarding representation of Defendant for this hearing.

### I. BACKGROUND

On August 21, 2008, an Indictment was returned against Defendant and his co-defendants charging that they knowingly and intentionally conspired with each other and with other persons known and unknown, to distribute and to possess with the intent to distribute 50 grams or more of cocaine base ("crack") and a quantity of cocaine hydrochloride, both Schedule II narcotic drug controlled substances, and a quantity of marijuana, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 841(b)(1)(D), all in violation of Title 21, United States Code, Section 846. (R. Doc. 1). On March 31, 2009, Defendant made his initial appearance before the Magistrate Judge and was remanded to the custody of the U.S. Marshal. (R. Doc. 166). On

April 6, 2010, Defendant was arraigned before the Magistrate Judge, pleading not guilty. (R. Doc. 169).

On May 15, 2009, a First Superseding Indictment for Violations of the Federal Controlled Substances Act and Federal Gun Control Act was returned against the Defendant and his co-defendants. (R. Doc. 194). Count One of this Indictment, the only count which pertains to Defendant, provides that beginning at a time unknown but on or before January 1, 2004, and continuing until on or about November 9, 2007, in the Eastern District of Louisiana, and elsewhere, the Defendant and his co-defendants knowingly and intentionally conspire with each other and with persons known and unknown to distribute and to possess with the intent to distribute 50 grams or more of cocaine base ("crack"), and five kilograms or more of cocaine hydrochloride, both Schedule II narcotic drug controlled substances, and a quantity of marijuana, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(D), all in violation of Title 21, United States Code, Section 846. (R. Doc. 194). Defendant was arraigned on this Count on June 4, 2009. (R. Doc. 271).

On February 26, 2010, a Second Superseding Indictment for Violations of the Federal Controlled Substances Act and Federal Gun Control Act was returned against Defendant and his co-defendants. (R. Doc. 538). Count One, the only count pertaining the Defendant, provides, that beginning at a time unknown but on or before January 1, 2004, and continuing until the present date, in the Eastern District of Louisiana, and elsewhere, the Defendant and his co-defendants knowingly and intentionally conspired with each other and with other persons known and unknown to distribute and to possess with the intent to distribute 50 grams or more of

cocaine base ("crack"), and five kilograms or more of cocaine hydrochloride, both Schedule II narcotic drug controlled substances, and a quantity of marijuana, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(D), all in violation of Title 21, United States Code, Section 846. *Id*. On March 12, 2010, Defendant was arraigned on this Count, pleading not guilty. (R. Doc. 566).

On July 30, 2010, Defendant was rearraigned as to Count One of the Second Superceding Indictment. (R. Doc. 745). In conjunction with his guilty plea, Defendant entered into a Plea Agreement with the Government and signed a Factual Basis supporting his plea. (R. Docs. 745, 750, 751).

On November 18, 2012, Defendant was sentenced to 120 months imprisonment. (R. Docs. 878, 880). A Judgment was then entered in the case. (R. Doc. 880).

On the date of Defendant's sentencing, he wrote the Court seeking a sentence reduction to five years imprisonment. (R. Doc. 906-1). The Court construed this letter as a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) and denied the motion on the basis that the Fair Sentencing Act ("FSA") did not retroactively apply to the Defendant's sentence. (R. Doc. 906).

## II. PRESENT MOTION

### A. Defendant's Motion

Defendant filed the present Motion seeking relief pursuant to 28 U.S.C. § 2255 on the following two bases: (1) his counsel's failure to file a notice of appeal of the Court's denial of his motion to suppress illegal wiretap evidence; and (2) his counsel's lack of knowledge about or failure to argue for the application of the Fair Sentencing Act to Defendant's sentence. Defendant requests an evidentiary hearing to address his Motion.

### B. Government's Response

The Government filed a Response in opposition to Defendant's Motion. (R. Doc. 1172). It first argues that to the extent Defendant can prove his attorney failed to file the requested notice of appeal, he would be entitled to an out-of-time appeal. Second, the Government argues that Defendant cannot show any ineffectiveness or prejudice to warrant granting the Motion on the Fair Sentencing Act claim. According to the Government, Defendant is incorrect as to the amount of crack he plea guilty to and the FSA does not apply to his sentence.

### C. Defendant's Reply

Defendant filed a Reply in further support of his Motion reiterating his arguments raised in his Motion. (R. Doc. 1192).

## III. LAW & ANALYSIS

### A. 28 U.S.C. § 2255

Defendant files the present Motion pursuant to 28 U.S.C. § 2255. Section 2255, subsection (a) provides that,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

It further provides in subsection (b),

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the

judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

The Plea Agreement entered into by the Defendant and the Government contains a section regarding relief pursuant to Section 2255. Specifically, it states,

> The defendant further waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under...Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself. (R. Doc. 750).

Thus, in order for Defendant to collaterally attack his conviction he must demonstrate that his counsel's ineffective assistance directly affected his waiver of collateral challenge rights or his guilty plea in order to pursue the present Motion. The Court will review the law on ineffective assistance of counsel generally and then specifically with regard to waiver of collateral challenges.

### B. Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court announced the two-pronged standard for a defendant to prevail on an ineffective assistance of counsel argument. First, the defendant must show that counsel's performance was deficient and second that this deficient performance caused the defendant prejudice. *Id*. "A number of practical considerations are important" in considering an ineffective assistance of counsel claim. *Id.* at 696. There are no "mechanical rules," and the focus of the inquiry is "fundamental fairness." *Id*.

With regard to the first prong, "[t]his requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. "[T]he proper standard for attorney performance is that of reasonably

effective assistance....[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* Reasonableness in this context is that "under prevailing professional norms." *Id.* Reasonableness also must be determined "considering all the circumstances." *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

> Thus, a court deciding an actual ineffective assistance claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Id*. at 690.

With regard to the second prong under *Strickland*, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, trial whose result is reliable." 466 U.S. at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 591. "[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* at 592. The defendant must affirmatively prove prejudice. *Id*. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 593. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 695.

      C.      **Ineffective Assistance of Counsel & Waiver of Collateral Challenge Right**

"Given the seriousness of the matter, the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], and intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'" *United States v. Ruiz*, 536 U.S. 622 (2002)(quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). "'The negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel.'" *United States v. Rivas-Lopez*, —F.3d—, 2012 WL 1326676, at *2 (5th Cir. Apr. 18, 2012)(quoting *Padilla v. Kentucky*, —U.S.—, 130 S.Ct. 1473, 1486, 176 L.Ed.2d 284 (2010)). The Fifth Circuit recognizes that providing counsel to assist a defendant in deciding whether to plea guilty or not is "one of the most precious applications of the Sixth Amendment." *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

"When considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he make an intelligent choice." *Rivas-Lopez*, —F.3d—, 2012 WL 1326676, at *2 (citing *Teague v. Scott*, 60 F.3d 1167, 1170 (5th Cir. 1995)). The Fifth Circuit has "long recognized that Fed.R.Crim.P. 11 provides prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993). Confirmations of understanding the Rule 11 admonishments made under oath are potent evidence that a plea was entered into knowingly and voluntarily. *United States v. Esquivel-Solis*, 332 Fed.App'x 944, 946

(5th Cir. 2009). "When considering challenges to guilty plea proceedings [the Fifth Circuit has] focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Id*. The Supreme Court "has found that the Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant may labor." *United States v. Ruiz*, 536 U.S. 622, 630 (2002). "For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

### D. Failure of Counsel to File Notice of Appeal

Defendant argues that his Plea Agreement specifically reserves his right to appeal the Court's denial of his Motion to Suppress Illegal Wiretap Intercepts, he asked his counsel to file this appeal, and because his counsel failed to do so he is entitled to an evidentiary hearing and the right to file an out-of-time appeal. The Court agrees that the Plea Agreement provided an exception to the appeal and collateral challenge waiver, reserving the Defendant "the right to have an appellate court review the district court's denial of his 'Motion to Suppress Illegal Wiretap Intercepts.'" (R. Doc. 750, p. 2). The issue raised by Defendant has been squarely addressed by the Fifth Circuit in *United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007). Therein, the Circuit, reversing the district court, held that the failure of counsel to file a requested notice

of appeal, even where defendant waived his right to appeal and right to collateral challenges, constitutes per se ineffective assistance of counsel. In such a circumstance, a defendant must show by a preponderance of the evidence that he requested an appeal, counsel failed to file the notice of appeal, and then defendant will be entitled to an out-of-time appeal. *Id*. at 266. Here, as in *Tapp*, because the instant record does not conclusively show whether the Defendant requested his counsel to file an appeal, an evidentiary hearing is to be held on this issue before the Court rules on the underlying issue. *Id*.

### E. Failure of Counsel to Argue for Application of the FSA

Defendant's second argument is that his counsel's failure to recognize the application of the FSA and to argue for its application to Defendant's sentence constitutes ineffective assistance of counsel. Because Defendant has not demonstrated how these allegations directly affected the validity of his waiver or the guilty plea itself, his Motion is denied insofar this argument.

Defendant argues that he signed the Plea Agreement only because his counsel told him the FSA applied, but admits the Court informed him that the FSA would not apply. *See* (R. Doc. 1150, p.7). Further, the Defendant was informed in the Plea Agreement, which he acknowledged on the record, under oath and signed, that he faced a statutory minimum sentence of ten years. *See* (R. Doc. 750, p. 1). During the rearraignment hearing the Court informed the Defendant that he faced a statutory mandatory minimum sentence of ten years and the Defendant responded that he understood his sentencing range. *See* Tr. Rearraignment Hr'g (July 30, 2010). At the sentencing hearing, the Court asked Defendant if he read and understood the presentence investigation report which contained information regarding his sentencing range and the Defendant responded in the affirmative. *See* Tr. Sentencing Hr'g (Nov. 10, 2010).

As noted above, on the same day of sentencing, the Defendant wrote a letter to the Court seeking a reduction in his sentence pursuant to the FSA. (R. Doc. 906-1). The Court construed this letter as a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c). (R. Doc. 906). The Court denied this motion on the basis that the FSA did not apply retroactively. *See id.* Since the issuance of the Court's Order & Reasons denying Defendant's motion for reduction of sentence, the Fifth Circuit has issued *United States v. Tickles*, 661 F.3d 212, 215 (5th Cir. 2011), which reaffirms the Court's ruling by holding that when a defendant is convicted of an offense which occurred prior to the enactment of the FSA, the FSA does not apply retroactively to that sentence. This is the exact scenario Defendant faces. Even assuming counsel's representation was unreasonable it did not cause Defendant prejudice as required for a successful ineffective assistance of counsel claim. Thus, Defendant's waiver of collateral challenges in the Plea Agreement remains in effect, barring his FSA-related collateral challenge.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (R. Doc. 1150) is GRANTED IN PART AND DENIED IN PART. IT IS FURTHER ORDERED that an evidentiary hearing is scheduled for June 21, 2012, at 2:00 p.m. on Defendant's claim that his attorney failed to file a notice of appeal. The Court will issue an order subsequently regarding representation of Defendant for this hearing.

New Orleans, Louisiana this 16th day of May 2012.

_____
U.S. District Judge

cc: Burnell Wilson
P.O. Box 26020
Beaumont, TX 77720